**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shelly Sasser,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-22-01725-PHX-DJH<br><br>**ORDER** |

  Plaintiff Shelly Sasser ("Plaintiff") seeks this Court's review of the Social Security Administration ("SSA") Commissioner's (the "Commissioner") denial of her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). (Doc. 17 at 1). The matter is fully briefed. (Docs. 17; 22; 23). Upon review of the briefs and the Administrative Record ("AR") (Doc. 15), the Court reverses the Administrative Law Judge's May 14, 2021, decision (the "May Decision") in part and remands this matter back to the Commissioner for further proceedings.

**I. Background**

  Plaintiff filed for SSI and DIB benefits and alleged a disability onset date of November 7, 2018. (AR at 22). These claims were denied by the Commissioner. (*Id.*) After this denial, the Administrative Law Judge (the "ALJ") held a telephonic hearing to determine whether Plaintiff is disabled. (*Id.*) Plaintiff previously filed for DIB benefits in 2014, which was denied by the Appeals Council in 2018. (*Id.*) In the present matter, the ALJ concluded that Plaintiff was not disabled prior to June 18, 2020, but became disabled

on that date and has continued to be disabled through the date of the May Decision. (*Id*. at 23). To reach this conclusion, the ALJ utilized a five-step process developed by the SSA for determining whether an individual is disabled. (*Id.*)

### A. The ALJ's Five-Step Process

To be eligible for Social Security benefits, a claimant must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The ALJ follows a five-step process[1] to determine whether a claimant is disabled for purposes of the Social Security Act ("the Act"):

> The five-step process for disability determinations begins, at the first and second steps, by asking whether a claimant is engaged in "substantial gainful activity" and considering the severity of the claimant's impairments. *See* 20 C.F.R. § 416.920(a)(4)(i)-(ii). If the inquiry continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1 and meets the duration requirement. *See id.* § 416.920(a)(4)(iii). If so, the claimant is considered disabled and benefits are awarded, ending the inquiry. *See id*. If the process continues beyond the third step, the fourth and fifth steps consider the claimant's "residual functional capacity"[2] in determining whether the claimant can still do past relevant work or make an adjustment to other work. *See id*. § 416.920(a)(4)(iv)-(v).

*Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013); *see also* 20 C.F.R. § 404.1520(a)–(g). If the ALJ determines no such work is available, the claimant is disabled. *Id*. § 404.1520(a)(4)(v).

The ALJ's findings in the May Decision are as follows:

---

[1] The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett*, 180 F.3d at 1098.

[2] A claimant's "residual functional capacity" is defined as their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

At the first and second steps, the ALJ concluded that (1) Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability and (2) that she had a severe impairment: osteoarthritis. (AR at 26). At the third step, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. (*Id*. at 29).

At step four, the ALJ concluded that Plaintiff had the following residual functional capacity ("RFC") prior to June 18, 2020:

> [Plaintiff] had the residual functional capacity to perform a range of light exertional activity defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can sit, stand or walk for up to 1 hour at a time. With the dominant left upper extremity, the claimant can occasionally reach overhead and frequently reach in all other directions. The claimant should never climb ladders, ropes, scaffolds, or work around unprotected heights. The claimant could frequently balance, stoop, kneel, crouch and crawl. She could frequently work around moving mechanical parts, operate motor vehicles, humidity/wetness, extreme cold/heat, and vibrations.

(*Id*. at 30). In determining Plaintiff's RFC, the ALJ stated that it "considered all [of Plaintiff's] symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 16-3p." (*Id*. at 31). The ALJ also considered the medical opinions and prior administrative medical findings in accordance with the requirements of 20 CFR 404.1520c and 416.920c. (*Id*.)

Finally, at step five, the ALJ found that, prior to June 18, 2020, Plaintiff was "capable of performing past relevant work as a medical receptionist" and that this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (*Id*. at 37). Based on this five-step evaluation process, the ALJ ultimately concluded Plaintiff was not disabled prior to June 18, 2020, but became disabled on that date and has continued to be disabled through the date of the May Decision. (*Id*. at 38). Now, the Court must determine whether the ALJ's May Decision was erroneous.

/ / /

**II.     Standard of Review**

In determining whether to reverse a decision by an ALJ, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by "substantial evidence" or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id*. Substantial evidence is the type of evidence that would suffice, at trial, to avoid a directed verdict. *See Nat'l Labor Relations Bd. v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939).

To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Orn*, 495 F.3d at 630. The ALJ must "set forth the reasoning behind its decisions in a way that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). The ALJ is responsible for resolving conflicts, ambiguity, and determining credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.* at 954 (citations omitted).

**III.    Discussion**

Plaintiff argues that (1) the ALJ failed to properly evaluate Plaintiff's obesity under SSR 19-2p; (2) the hypothetical that the ALJ presented to the Vocational Expert ("VE") is not supported by substantial evidence as it did not include all of Plaintiff's limitations; and (3) the VE's testimony conflicts with the Dictionary of Occupational Titles ("DOT").

(Doc. 17 at 2). The Court will address each argument in turn.

### A. Plaintiff's Obesity

Plaintiff argues that the ALJ failed to properly consider the functional limitations of Plaintiff's obesity in accordance with Social Security Ruling ("SSR") 19-2p. (Doc. 17 at 4). The Court agrees with Plaintiff.

The ALJ must consider a plaintiff's obesity in combination with their other impairments. *Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003) (stating that the ALJ was required to consider the "interactive effect" of obesity on the claimant's other impairments). When obesity is "established by objective medical evidence (signs, laboratory findings, or both)," SSR 19-2p requires the ALJ to "consider the limiting effects of obesity when assessing the person's RFC." SSR 19-2p, 2019 WL 2374244, at *2, 4. Obesity is not a listed impairment under step three, but the functional limitations caused by obesity, either alone or in combination with another impairment, "may medically equal a listing." *Id*. at *2. No specific weight or BMI establishes obesity as a "severe" or "not severe" impairment. *Id*. at *4. The ALJ must "consider any functional limitations in the [plaintiff's] ability to do basic work activities resulting from obesity and from any other physical or mental impairments." *Id*. at *3. Irrespective of whether or not obesity is a "severe" impairment at step two—when the ALJ determines a plaintiff's RFC—the ALJ is required to consider whether obesity causes limitations on the plaintiff's physical abilities or mental capabilities and whether obesity causes other, less obvious symptoms. *See Davis v. Comm'r of Soc. Sec. Admin*., 2021 WL 2177226, at *2 (D. Ariz. May 28, 2021) (internal citations omitted). The ALJ must also explain how it reached its conclusion regarding whether obesity causes "any limitations." SSR 19-2p, 2019 WL 2374244, at *4.

Here, the ALJ noted that Plaintiff "has a history of obesity, as evidenced by her weight of 200 pounds and height of 5 feet 2 inches tall, which calculates to a body mass index (BMI) of 34.52 or class 1 obesity." (AR at 26). The ALJ stated that it "considered the potential impact of obesity in causing or contributing to co-existing impairments as required by SSR 19-2p" but found that "there is no evidence of any specific or quantifiable

impact on pulmonary, musculoskeletal, endocrine, or cardiac functioning." (*Id*.) The ALJ also stated that Plaintiff's obesity was not a severe impairment and that her "weight, including the impact on her ability to ambulate as well as the effect to her other body systems, has been considered when determining the claimant's obesity was nonsevere." (*Id*.) However, the ALJ did not discuss how Plaintiff's obesity causes limitations on Plaintiff's mental capabilities or whether Plaintiff's obesity caused other less obvious symptoms. *See Davis*, 2021 WL 2177226, at *2.

Plaintiff argues her obesity impacts her level of fatigue and that she has to lie down "four to five times a day" for thirty minutes at a time. (Doc. 17 at 6). She also argues the ALJ failed to account for this in evaluating her ability to sustain work or perform daily life activities. (*Id*.) The Court also notes that the ALJ discussed Plaintiff's alleged mental impairments (depression and anxiety) but did not discuss how Plaintiff's obesity could affect these impairments. (AR at 26–27). The ALJ ultimately found that Plaintiff's depression and anxiety were minimal limitations. (*Id*. at 26). Thus, because the ALJ did not consider whether Plaintiff's obesity causes limitations to her mental capabilities or whether obesity causes other less obvious symptoms, the Court must reverse the ALJ's decision and remand it for further proceedings. *See Davis*, 2021 WL 2177226, at *2.

**IV. Remand**

Once a court has determined an ALJ's decision contains harmful error, it maintains discretion to remand the case for additional proceedings or for an award of benefits. *Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998) (citing *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989)). Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). This is "the proper course, except in rare circumstances[.]" *Treichler v. Comm'r of Soc. Sec. Admin*., 775 F.3d 1090, 1099 (9th Cir. 2014). Conversely, under the "credit-as-true" rule, the court has discretion to remand for an award of benefits where "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for

rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted).

The Court will remand this case for further proceedings, rather than award benefits, as the record has not been fully developed—which is the reason for remand in the first instance. On remand, the ALJ must reconsider its evaluation of Plaintiff's claim of disability starting on November 7, 2018, beginning at Step 3, and consider Plaintiff's obesity in combination with her other mental impairments or other less obvious symptoms—such as fatigue. *See* SSR 19-2p, 2019 WL 2374244, at *4 ("In cases involving obesity, fatigue may affect the person's physical and mental ability to sustain work activity"); *Davis*, 2021 WL 2177226, at *2.

Because the Court finds the ALJ failed to appropriately consider Plaintiff's obesity in combination with her other impairments, it does not reach her other arguments. The ALJ will necessarily have to reconsider its evaluation of Plaintiff's claim for disability at Steps 4 and 5.

Accordingly,

**IT IS ORDERED** that the Administrative Law Judge's May 14, 2021, decision is **reversed in part and remanded** to the Commissioner for further proceedings consistent with the Court's Order. The Clerk of Court is kindly directed to enter judgment in Plaintiff's favor and terminate this action.

Dated this 27th day of March, 2024.

Honorable Diane J. Humetewa
United States District Judge