**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shelly Sasser,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-22-01725-PHX-DJH<br><br>**ORDER** |

      Plaintiff Shelly Sasser ("Plaintiff") filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) (Doc. 28), seeking an award of $21,024.00. Plaintiff's Motion was backed by her Memorandum of Points and Authorities. (*See id.* at 3–7). The Social Security Administration ("SSA") Commissioner (the "Commissioner") filed a Response (Doc. 29) neither supporting nor opposing the award sought.

**I.    Background**

      Plaintiff filed Applications for Disability Insurance benefits and Supplemental Security Income benefits, claiming a disability onset date of November 7, 2018. (R. at 22). Following a hearing on the issue, the ALJ concluded that Plaintiff was not disabled before June 18, 2020. (*Id.*) Plaintiff then sought judicial review of the ALJ's decision. (*See* Doc. 1). On April 29, 2021, the Court reversed the ALJ's decision and remanded the case for further proceedings. (*See* Doc. 24). In accordance with the parties' stipulation, the Court also issued Plaintiff an award of $4,505.00 in attorney fees and costs under the Equal Access to Justice Act ("EAJA"). (Doc. 27).

On remand, Plaintiff recovered past-due benefits in the amount of $84,096.00. (Doc. 28 at 3). Pursuant to the fee agreement, Plaintiff's counsel now seeks $21,024.00 in attorney fees.

## II.     Legal Standard

Section 406[1] establishes "the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795–96 (2002). Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). Fees are payable out of, and not in addition to, the amount of the past-due benefits. *Id.* Before awarding fees, the Court must consider whether the 42 U.S.C. § 406(b) fee requested is (1) within the statutory guidelines; (2) consistent with the fee agreement; and (3) reasonable in light of the contingent-fee agreement. *Gisbrecht*, 535 U.S. at 807–08.

## III.    Discussion

Plaintiff's counsel is seeking $21,024.00 in § 496(b) fees. (Doc. 28 at 3–4). Upon review of counsel's Declaration (*Id.* at 8), the time expended and the amounts charged by Plaintiff's counsel are reasonable in this case. First, the fees sought adhere to § 406(b)'s guidelines. Plaintiff was awarded $84,096.00 in past-due benefits, and the requested $21,024.00 in attorney fees equals 25% of the award. Second, this amount is consistent with the fee agreement which clearly states that Plaintiff's attorney would be entitled to 25% of past-due benefits. (*Id.* at 10). Lastly, the requested fee is reasonable given the contingent-fee agreement because it reflects the nature of the recovery. (*Id.* at 5). Plaintiff's case had a substantial risk of loss because Plaintiff had been repeatedly denied on agency review before the initiating this civil action. (*Id.*) In sum, the Court finds that the amount requested is reasonable under *Gisbrecht* and will award Plaintiff $21,024.00 in

---

[1] Unless where otherwise noted, all Section references are to the Social Security Act.

§ 406(b) fees.

Under the present circumstances, however, an offset is necessary. The Court granted the parties' Stipulation for Attorney Fees under the EAJA and awarded fees in the amount of $4,505.00. (Doc. 27). When an attorney receives an award under § 406(b) and the EAJA, the attorney must refund to the client the smaller of the awards. *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012) (holding "[w]here the same attorney represented a claimant at each stage of judicial review, the court need merely offset all EAJA awards against the § 406(b) award"). Given the $21,024.00 award of § 406(b) fees to Plaintiff's counsel, the fees awarded under the EAJA here shall be refunded to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees (Doc. 28) is granted under 42 U.S.C. § 406(b). Plaintiff's counsel Gayle D. Anthony is awarded $21,024.00 in attorney fees to be paid out of the sum from Plaintiff's past-due benefits.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund to Plaintiff the lesser of the fees awarded under 42 U.S.C. § 406(b) and the Equal Access to Justice Act.

Dated this 18th day of November, 2025.

Honorable Diane J. Humetewa
United States District Judge